UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CURTIS LEE HENDERSON, SR., | ) | 1:98-CV-6286 GSA HC |
| Petitioner, | ) ) | ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT |
| v. | ) ) | [Doc. #75] |
| JOE McGRAFF, Warden, | ) ) | ORDER DIRECTING CLERK OF COURT TO RETURN LODGED AMENDED |
| Respondent. | ) ) | PETITION |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case was assigned to a Magistrate Judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c)(1).

    On November 5, 2003, then-Magistrate Judge Lawrence J. O'Neill issued an order denying the petition for writ of habeas corpus. Judgment was entered on November 19, 2003. Petitioner appealed to the Ninth Circuit Court of Appeals, but the appeal was rejected.

    On October 14, 2008, Petitioner filed a motion for relief from judgment pursuant to Rule 60(b)(2) of the Federal Rules of Civil Procedure. He also lodged a First Amended Petition with the Court. Petitioner claims he has discovered new evidence which demonstrates he is actually innocent of the underlying crimes. He argues certain blood evidence was withheld from the defense and destroyed by the prosecution.

Rule 60(b) of the Federal Rules of Civil Procedure provides:

Upon motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Petitioner fails to meet this standard.  First, the blood evidence was not destroyed at the request of the prosecution. As discussed by the Fresno County Superior Court, Judge Keyes issued a standing order that authorized destruction of evidence under specified conditions. The directive was not activated until May 8, 1996, when notice was provided to defense counsel. Second, Petitioner fails to demonstrate that any of the evidence he claims was only recently discovered was not discoverable in the past sixteen years. Third, the Court has reviewed the evidence to which Petitioner refers, and there is nothing in this evidence which shows Petitioner is innocent of the crimes. His claims are purely speculative and present no basis for relief.

Moreover, the instant motion is entirely untimely. Pursuant to Rule 60(c)(1), "[a] motion under Rule 60(b) must be made within a reasonable time - and for reasons (1), (2), and (3) no more than a year after entry of the judgment or order of the date of the proceeding." The petition in this case was denied five years ago.

Accordingly, Petitioner's motion for relief from judgment is DENIED. The Clerk of Court is DIRECTED to return the lodged first amended petition.

IT IS SO ORDERED.

Dated:   **November 13, 2008**          **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE